with the plaintiff's request without any intention of binding the corporation. An essential element of an account stated, therefore, is wanting, namely, that it was rendered for the purpose of asserting a claim, or at least of establishing the balance due thereby.

Upon these grounds, namely (1), that no authority in Mr. Taylor to bind the corporation by means of an account stated, was shown; and (2), that Mr. Taylor did not intend or assume to exercise such a power. We think the judgment should be reversed and a new trial granted at the Circuit, with costs to abide the event."

*Dudley Field*, for the appellant. *J. S. Millard*, for the respondent.

Opinion by GILBERT, J.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Judgment reversed, with costs to abide event, and new trial granted at Circuit.

---

ANNIE JENNINGS, RESPONDENT, *v.* STRATFORD P. DAVIDSON AND CATHARINE O. DAVIDSON, HIS WIFE, APPELLANTS.

*Action for malicious prosecution — malice — inference as to.*

13 393
41ap473

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried. The action was brought to recover damages for malicious prosecution.

Upon the appeal the court at General Term said: "The plaintiff, to maintain her action, was bound to prove both want of probable cause and malice. Malice may be inferred from the want of probable cause. The court erred in charging the jury that 'the law infers malice when there is a want of probable cause.' The jury might infer it, but it is not an absolute inference of law. The court refused to charge the proposition 'that when there is want of probable cause, malice *may* be inferred,' saying 'the jury are bound to infer it.' This was also erroneous. (*Heyne* v. *Blair*, 62 N. Y., 19.)

Upon the whole case, I think there was abundant proof of probable cause. It is not necessary, however, to decide this question upon this appeal. A new trial may be supported by other evidence."

*J. Warren Lawton,* for the appellants. *Martin J. Keogh,* for the respondent.

Opinion by BARNARD, P. J.; GILBERT and DYKMAN, JJ., concurred.

Judgment and order denying new trial reversed and new trial granted, with costs to abide event.